IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TALIA JOYCE NO RUNNER,<br><br>Defendant. | CR-15-56-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S PRETRIAL RELEASE** |

## I. Synopsis

Ms. No Runner was accused of violating her conditions of supervised release by 1) failing to participate in substance abuse treatment, 2) failing to report for substance abuse testing on December 26, 2017, 3) failing to report for substance abuse testing on December 29, 2017, 4) consuming alcohol, and 5) failing to report to the probation office within seventy-two hours of her release from prison. She admitted to the violations. Ms. No Runner's supervised release should be revoked. She should be sentenced to two months of custody and thirty-four months of supervised release.

## II. Status

On February 10, 2016, United States District Judge Brian Morris sentenced Ms. No Runner to forty-two months in custody with three years of supervised

release to follow after she pleaded guilty to Conspiracy to Possess with Intent to Distribute a Controlled Substance. (Doc. 36). Ms. No Runner began her current term of supervised release on December 12, 2017.

**Petition**

On January 11, 2018, the United States Probation Office filed a petition seeking to revoke Ms. No Runner's supervised release. The petition alleged that On December 15, 2017, Ms. No Runner failed to report to Passages to sign up for substance abuse treatment. Also, the petition alleged that Ms. No Runner failed to report for random urine testing at Alternatives, Inc. on December 26, 2017, and December 29, 2017. The petition also alleged Ms. No Runner admitted to consuming alcohol on January 2, 2018. Finally, the petition alleged that on January 3, 2018, Ms. No Runner failed to report to the Probation Office at the request of her probation officer, and that as of the writing of the petition, her whereabouts were unknown. (Doc. 41). Based on the petition, Judge Morris issued a warrant for her arrest. (Doc. 42).

**Initial appearance**

On February 6, 2018, Ms. No Runner appeared before the undersigned in Great Falls, Montana, for an initial appearance. Federal Defender Hank Branom accompanied her at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Ms. No Runner said she had read the petition and understood the allegations. Ms. No Runner waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Ms. No Runner admitted that she violated the conditions of her supervised release. The violations Ms. No Runner admitted to are serious and warrant revocation of her supervised release.

Ms. No Runner's violation grade is Grade C, her criminal history category is I, and her underlying offense is a Class C felony. Ms. No Runner could be incarcerated for up to twenty-four months, and she could be ordered to remain on supervised release for thirty-six months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Branom recommended a sentence below the guideline range, noting that Ms. No Runner turned herself in after violating her conditions, and also that she had a job waiting for her upon her release. Ms. No Runner addressed the Court and stated that she fell into the wrong crowd after she went home to visit her children, but has otherwise been doing well under supervision. Mr. Cobell recommended a sentence of three months noting that it was likely that Ms. No Runner had been drinking more than she was letting on and that while she did turn herself in, she waited a month to do so.

### III. Analysis

The district court should revoke Ms. No Runner's supervised release because she admitted violating its conditions. Ms. No Runner should be sentenced to two months in custody, with thirty-four months of supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Ms. No Runner was advised that the above sentence would be recommended to Judge Morris. The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Ms. No Runner's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Ms. No Runner's supervised release and what, if any, sanction to impose.

The Court **FINDS**:

> Ms. No Runner violated the conditions of her pretrial release by 1) failing to participate in substance abuse treatment, 2) failing to report for substance abuse testing on December 26, 2017, 3) failing to report for substance abuse testing on December 29, 2017, 4) consuming alcohol, and 5) failing to report to the probation office within seventy-two hours of her release from prison.

The Court **RECOMMENDS**:

> The district court should enter the attached Judgment, revoking Ms. No Runner's supervised release and sentencing her to two months of

custody, with thirty-four months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 14th day of February, 2018.

_____
John Johnston
United States Magistrate Judge