IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TALIA JOYCE NO RUNNER,<br><br>Defendant. | CR-15-56-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S PRETRIAL RELEASE** |

## I.  Synopsis

Ms. No Runner was accused of violating her conditions of supervised release by 1) consuming alcohol, 2) committing another crime, and 3) failing to report for substance abuse testing.  She admitted to violations 1 and 3, but denied violation 2.  Ms. No Runner's supervised release should be revoked.  She should be sentenced to five months of custody, with twenty-nine months of supervised release to follow.  As an added condition of her supervised release, Ms. No Runner should spend a term of 180 days in a Residential Reentry Center as approved by the United States Probation Office.

## II.  Status

On February 10, 2016, United States District Judge Brian Morris sentenced Ms. No Runner to forty-two months in custody with three years of supervised release to follow after she pleaded guilty to Conspiracy to Possess with Intent to Distribute a Controlled Substance.  (Doc. 36).  Ms. No Runner began her current term of supervised release on December 12, 2017.

On January 11, 2018, the United States Probation Office filed a petition seeking to revoke Ms. No Runner's supervised release for her failure to sign up for substance abuse treatment, failure to report for random urine testing, and consumption of alcohol and absconding.  (Doc. 41).  She was sentenced to two months custody, with thirty-four months of supervised release to follow.

### Petition

On May 10, 2018, the United States Probation Office filed a petition seeking to revoke Ms. No Runner's supervised release.  The petition alleged that Ms. No Runner was arrested on May 4, 2018, and at that time her BAC was .311.  The petition further alleged that on May 4, 2018, Ms. No Runner struck a female victim and took the victim's cell phone, and was arrested and charged with assault and theft.  Finally, the petition alleged that Ms. No Runner failed to appear for breath and urine testing on April 10, 2018.  (Doc. 52).  Based on the petition, Judge Morris issued a warrant for her arrest.  (Doc. 53).

**Initial appearance**

On May 29, 2018, Ms. No Runner appeared before the undersigned in Great Falls, Montana, for an initial appearance.  Federal Defender David Ness accompanied her at the initial appearance.  Assistant United States Attorney Jessica Betley represented the United States.

Ms. No Runner said she had read the petition and understood the allegations. Ms. No Runner waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Ms. No Runner admitted that she violated the conditions of her supervised release as alleged in violations 1 and 3 in the petition, but denied committing violation 2.  The United States presented evidence in support of violation 2 through the testimony of Ms. No Runner's probation officer.  The Court finds that the United States has met its burden of proof as to all three violations.  Ms. No Runner's violations are serious and warrant revocation of her supervised release.

Ms. No Runner's violation grade is Grade C, her criminal history category is I, and her underlying offense is a Class C felony.  Ms. No Runner could be incarcerated for up to twenty-four months, and she could be ordered to remain on supervised release for thirty-six months, less any custody time imposed.  The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Ness argued for a low guideline sentence, arguing that a lengthy sentence would set her back further than she already was.  Ms. No Runner addressed the Court and stated that returning to her bad influences was a mistake that set her up for failure, and seeks treatment through a pre-release center.  Ms. Betley recommended a sentence of six months noting that Ms. No Runner had only recently been released from custody when this incident occurred, and that this evidenced escalating behavior.

### III.  Analysis

The district court should revoke Ms. No Runner's supervised release because her violations are serious and evidence poor judgment, an inclination for engaging in criminal activity and a disregard of her conditions of supervised release.  Ms. No Runner should be sentenced to five months in custody, with twenty-nine months of supervised release to follow.  As an added condition of her supervised release, Ms. No Runner should spend the first 180 days of her supervised release in a Residential Re-Entry Center, as determined by the United States Probation Office.

This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Ms. No Runner was advised that the above sentence would be recommended

to Judge Morris.  The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Ms. No Runner's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Ms. No Runner's supervised release and what, if any, sanction to impose.

The Court **FINDS**:

> Ms. No Runner violated the conditions of her pretrial release by 1) consuming alcohol, 2) committing another crime, and 3) failing to report for substance abuse testing.

The Court **RECOMMENDS**:

> The district court should enter the attached Judgment, revoking Ms. No Runner's supervised release and sentencing her to five months of custody, with twenty-nine months of supervised release to follow.  As an added condition, Ms. No Runner should spend the first 180 days of her supervised release in a Residential Re-Entry Center, as determined by the United States Probation Office.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to

which objection is made.  The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations.  Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive

the right to appear and allocute before a district judge.

Dated the 30th day of May, 2018.


John Johnston
United States Magistrate Judge