IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TALIA JOYCE NO RUNNER, <br><br> Defendant. | CR 15-56-GF-BMM-JTJ <br><br> **FINDINGS AND RECOMMENDATIONS** |

### I. Synopsis

Defendant Talia Joyce No Runner (No Runner) has been accused of violating the conditions of her supervised release. No Runner admitted four of the alleged violations, and denied two of the alleged violations. The government proved one of the alleged violations that No Runner had denied. No Runner's supervised release should be revoked. No Runner should be placed in custody for 5 months, with 24 months of supervised release to follow. No Runner should serve the first 60 days of supervised release at an inpatient drug treatment facility. No Runner should serve the next 180 days of supervised release at a Residential Re-Entry Center.

## II.  Status

No Runner pleaded guilty to Conspiracy to Possess Methamphetamine with Intent to Distribute Methamphetamine on October 29, 2015.  (Doc. 27).  The Court sentenced No Runner to 42 months of custody, followed by 3 years of supervised release.  (Doc. 36).  No Runner's current term of supervised release began on October 3, 2018.  (Doc. 66 at 2).

### Petition

The United States Probation Office filed a Petition on February 7, 2019, requesting that the Court revoke No Runner's supervised release.  (Doc. 66).  The Petition alleged that No Runner violated the conditions of her supervised release: 1) by communicating with a person who had been convicted of a felony without first obtaining the permission of her probation officer; 2) by failing to report for substance abuse testing on two separate occasions; 3) by failing to notify her probation officer of a change in employment status; 4) by failing to report for substance abuse treatment; and 5) by failing to report to her probation officer as directed.

### Initial appearance

No Runner appeared before the undersigned for her initial appearance on April 10, 2019.  No Runner was represented by counsel.  No Runner stated that

she had read the petition and that she understood the allegations. No Runner waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on April 10, 2019. No Runner admitted that she had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing on January 19, 2019, and on February 5, 2019; 2) by failing to notify her probation officer of a change in employment status; and 3) by failing to report for substance abuse treatment on February 6, 2019. The government did not meet its burden of proof with respect to alleged Violation 1. The government did meet its burden of proof with respect to alleged Violation 6. The violations are serious and warrant revocation of No Runner's supervised release.

No Runner's violations are Grade C violations. No Runner's criminal history category is I. No Runner's underlying offense is a Class C felony. No Runner could be incarcerated for up to 24 months. She could be ordered to remain on supervised release for up to 29 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

No Runner's supervised release should be revoked. No Runner should be incarcerated for 5 months, with 24 months of supervised release to follow. No Runner should serve the first 60 days of supervised release at an inpatient drug treatment facility. No Runner should serve the next 180 days of supervised release at a Residential Re-Entry Center. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed No Runner that the above sentence would be recommended to Judge Morris. The Court also informed No Runner of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to No Runner that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. No Runner stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Morris.

The Court **FINDS:**

> Talia Joyce No Runner violated the conditions of her supervised release by failing to report for substance abuse testing, by failing to notify her probation officer of a change in employment status, by failing to report for substance abuse treatment, and by failing to report to her probation officer as directed.

The Court **RECOMMENDS:**

The District Court should revoke No Runner's supervised release and commit her to the custody of the United States Bureau of Prisons for a term of 5 months, with 24 months of supervised release to follow. No Runner should serve the first 60 days of supervised release at an inpatient drug treatment facility. No Runner should serve the next 180 days of supervised release at a Residential Re-Entry Center.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 11th day of April, 2019.

_____
John Johnston
United States Magistrate Judge