IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

FILED
JUN 03 2020
Clerk, U.S. District Court
District Of Montana
Great Falls

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TALIA JOYCE NO RUNNER,<br><br>Defendant. | CR 15-56-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

### I. Synopsis

Defendant Talia Joyce No Runner (No Runner) has been accused of violating the conditions of her supervised release. No Runner admitted alleged violations 2 and 3. No Runner denied alleged violation 1. The government proved alleged violation 1. No Runner's supervised release should be revoked. No Runner should be placed in custody for 9 months, with no supervised release to follow.

### II. Status

No Runner pleaded guilty to Conspiracy to Possess Methamphetamine with Intent to Distribute Methamphetamine on October 29, 2015. (Doc. 27). The Court sentenced No Runner to 42 months of custody, followed by 3 years of supervised

release. (Doc. 36). No Runner's current term of supervised release began on September 6, 2019. (Doc. 79 at 2).

**Petition**

The United States Probation Office filed a Petition on May 11, 2020, requesting that the Court revoke No Runner's supervised release. (Doc. 79). The Petition alleged that No Runner violated the conditions of her supervised release: 1) by committing another crime; 2) by consuming alcohol; and 3) by failing to report to her probation officer as directed.

**Initial appearance**

No Runner appeared before the undersigned for her initial appearance on May 28, 2020. No Runner was represented by counsel. No Runner stated that she had read the petition and that she understood the allegations. No Runner waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on May 28, 2020, and on June 2, 2020. No Runner admitted that she had violated the conditions of her supervised release: 1) by consuming alcohol; and 2) by failing to report to her probation officer as directed. No Runner denied alleged violation 1. The

2

government satisfied its burden of proof with respect to alleged violation 1. The violations are serious and warrant revocation of No Runner's supervised release.

No Runner's violations are Grade C violations. No Runner's criminal history category is I. No Runner's underlying offense is a Class C felony. No Runner could be incarcerated for up to 24 months. She could be ordered to remain on supervised release for up to 24 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

No Runner's supervised release should be revoked. No Runner should be incarcerated for 9 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed No Runner that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed No Runner of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to No Runner that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

Talia Joyce No Runner violated the conditions of her supervised release: by consuming alcohol; by failing to report to her probation officer as directed; and by committing another crime.

The Court **RECOMMENDS:**

The District Court should revoke No Runner's supervised release and commit her to the custody of the United States Bureau of Prisons for 9 months, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 3rd day of June, 2020.

John Johnston
United States Magistrate Judge

4